# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY ANTOINETTE ROBINSON,**
    **Plaintiff,**

  v.              Case No. 10-C-0531

**PYRAMAX BANK, TCF BANK, and**
**CHASE BANK**
    **Defendants.**

## DECISION AND ORDER

  Plaintiff Mary Antoinette Robinson, proceeding pro se, has filed this action against defendants Pyramax Bank, TCF Bank and Chase Bank. Her allegations are unclear, but my best guess is that she claims that Pyramax Bank refused to do business with her on account of her race (black). Robinson is becoming a frequent filer in this district, having filed fifteen civil cases in the last year and a half, including cases against the United States Supreme Court and several judges of this court and the Seventh Circuit. Most of these cases have been dismissed as frivolous or for failure to state a claim on which relief may be granted. In addition to the cases filed in this district, plaintiff tried to file 224 separate complaints in the Northern District of Illinois simultaneously, which prompted the executive committee of that court to enter an order enjoining her from filing further actions absent leave of the committee. See Executive Committee Order in N.D. Ill. Case No. 09-C-821 (February 5, 2009).

  In this present case, plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, I will not grant her such leave because her complaint fails to state a claim on which relief may be granted. See Rowe v. Shake, 196 F.3d 778, 783 (7th

Cir. 1999) (holding that district courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status). To state a cognizable claim under federal notice-pleading rules, a plaintiff is required to provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

As noted, the complaint in the present case is unclear. Construing it liberally, however, it seems to allege that employees of Pyramax Bank discriminated against plaintiff on the basis of race when they refused to allow her to open an account at the bank.[1] Although racial discrimination of this sort could give rise to a cause of action under federal law, the facts alleged in the complaint do not give rise to a plausible inference of

---

[1] I have no idea why TCF Bank and Chase Bank are also named as defendants.

2

discrimination. Plaintiff alleges that the bank's employees informed her that she could not open an account because of a negative entry on her "check systems" report.[2] (Complaint, third page.) This is a valid, nondiscriminatory reason for refusing to allow her to open an account, and the complaint includes no other factual allegations supporting an inference of discrimination. To be sure, plaintiff points out that when she was in the bank she noticed that all of the other customers "were of other race" and were able to obtain service, but this fact on its own does not support an inference of discrimination. For one thing, it may be that none of these other customers had negative entries on their ChexSystems report. In any event, the complaint does not allege facts creating a plausible inference of discrimination, and therefore it must be dismissed.

Ordinarily, when a complaint is dismissed based on a pleading defect, the court should give the plaintiff leave to file an amended complaint. See, e.g., Powers v. Snyder, 484 F.3d 929, 933 (7th Cir. 2007). Given plaintiff's history of filing frivolous litigation, I am loath to allow her to file another complaint. However, at this time I cannot say that granting leave to amend would be futile, and so I will give her thirty days to file an amended complaint. If plaintiff chooses to file an amended complaint, I will review it as I have reviewed the original complaint and will dismiss the amended complaint if it does not include allegations giving rise to a plausible inference of racial discrimination. Plaintiff is

---

[2]From the attachments to her complaint, it appears that plaintiff is referring to a report generated by ChexSystems, Inc., a company that, according to its website, "provides account verification services to its financial institution members to aid them in identifying account applicants who may have a history of account mishandling (for example, people whose accounts were overdrawn and then closed by them or their bank)."

3

advised that her own speculation cannot give rise to a plausible inference of discrimination. See Springer v. Durflinger, 518 F.3d 479, 484-85 (7th Cir. 2008).

For the reasons stated,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff has leave to file an amended complaint within thirty days of the date of this order.

**FINALLY, IT IS ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

Dated at Milwaukee, Wisconsin this 2 day of July, 2010.

/s_____
LYNN ADELMAN
District Judge